UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MONICA MARIE PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-122-PPS |
| | ) | |
| FRANK BISIGNANO, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Pro se Plaintiff Monica Perez has appealed from an administrative law judge's denial of her application for Supplemental Security Income benefits. Although she has not pinpointed any errors in the ALJ's analysis of her claims, Perez tells me in a letter that she is exhausted, struggles through basic tasks, and would not be able to maintain a job. Because I find the ALJ properly considered and analyzed Perez's claims, the ALJ's decision will be affirmed.

### Pro Se Status

Ms. Perez is representing herself in this appeal although she was represented throughout the administrative proceedings by a lawyer experienced in handling Social Security cases. She also had an attorney who represented her at the hearing before the ALJ. In this situation, I must assume that counsel presented the "best case" to the ALJ. *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007) ("a claimant represented by counsel is presumed to have made h[er] best case before the ALJ").

However, because Perez now represents herself, I must "liberally construe" her claims; nevertheless, this does not relieve her of the obligation to "present arguments supported by citations to the record and legal authority." *Jackson v. Astrue*, 472 F. App'x. 421, 422 (7th Cir. 2012); *Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001); *Greenwell v. Saul*, 811 F. App'x. 368, 370 (7th Cir. 2020) ("We construe pro se filings liberally, but a litigant still must comply with Federal Rule of Appellate Procedure 28(a)(8), which requires that a brief present a cogent legal argument with citations to authority and relevant parts of the record."). Relying on these principles, the Seventh Circuit has affirmed ALJ decisions in many instances where the claimant was proceeding pro se. *See, e.g., Cadenhead v. Astrue*, 410 F. App'x 982, 984 (7th Cir. 2011) (dismissing appeal, stating a "generalized assertion of error is not sufficient" and "undeveloped or unsupported contentions are waived"); *McLachlan v. Astrue*, 392 F. App'x 493, 494 (7th Cir. 2010) (same).

Perez's "brief" in support of her appeal is in the form of a one page letter she sent to the court. [DE 16.] Still, as with all cases, it deserves a close review which I endeavor to do below.

## Background

Perez applied for supplemental security income benefits on January 13, 2022, claiming she was disabled beginning January 1, 2014. Her claims were denied initially and again upon reconsideration. After a subsequent hearing, an ALJ denied the claim.

[A.R.[1] 18-31.] Perez now seeks review of that decision.

In the written decision, the ALJ determined that Perez has a host of severe impairments including lumbar stenosis and disk disease; degenerative disk disease (DDD) of the cervical spine; obesity; chronic pain syndrome; sacroiliac degenerative joint disease (DJD); diverticulosis; history of cerebral vascular accident (CVA); diabetes mellites (DM); mild neurocognitive disorder; major depressive disorder; anxiety disorder; and occipital headaches. [A.R. 20.] The ALJ then determined that Perez did not meet any of the applicable social security listings for disability. [A.R. 21-23.]

When considering Perez's residual functional capacity (RFC)—in other words, what she can do despite her impairments—the ALJ determined that she is capable of performing work at the sedentary level as defined in 20 CFR § 416.967(a) except that she can never climb ladders, ropes, or scaffolds; never crawl or kneel; occasionally climb ramps and stairs; occasionally balance; occasionally stoop and crouch; should avoid concentrated exposure to hazards, such as unprotected heights and unguarded moving mechanical parts; can understand, remember, and carry out simple instructions; is able to use judgment to make simple work-related decisions; cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas; can have occasional changes in a routine work setting; and can have frequent interaction with coworkers, supervisors, and the public. [A.R. 23.]

At the administrative hearing, the ALJ presented this very limiting RFC to a

---

[1] The Administrative Record (A.R.) in this case is found at Docket Entry No. 8.  Citations are to the page number in the lower right-hand corner of the A.R.

vocational expert and then asked the VE a series of hypothetical questions. [A.R. 97.] At bottom, the VE opined that a hypothetical person with Perez's very restrictive RFC could nevertheless find gainful employment. [A.R. 98.] The ALJ therefore concluded that Perez is capable of doing a number of sedentary occupations such as document preparer (59,000 jobs in the national economy), addressing clerk (54,000 jobs in the national economy), and "touch-up screener"— whatever that is (114,000 jobs in the national economy). [A.R. 30.] As a result, the ALJ found that Perez was not disabled within the meaning of the Social Security Act and its regulations.

### Discussion

In a Social Security disability appeal, my role as district court judge is limited. I do not review evidence and determine whether a claimant is disabled and entitled to benefits. Instead, I review the ALJ's written decision to determine whether the ALJ applied the correct legal standards and whether the decision's factual determinations are supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). If substantial evidence supports the ALJ's factual findings, they are conclusive. *Id.*; 42 U.S.C. § 405(g).

The term "substantial evidence" sounds like a high bar, but it is not. Indeed, it is even less than a preponderance of the evidence standard. So held the Supreme Court more than fifty years ago. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). But "substantial evidence" does mean more than a "scintilla" of evidence. *Id.* Put another way, "[e]vidence is substantial if a reasonable person would accept it as adequate to

-4-

support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Given this modest standard, the review is a light one, but of course I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

My review of the ALJ's decision is also guided by the well established principle that an ALJ must build a "logical bridge between the evidence and the conclusions" that he draws so as to enable reviewing courts an opportunity for meaningful judicial review. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). This means that a "decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003)).

With these standards in mind, let's first review Perez's submission to the Court. [DE 16.]  She says in her one page letter that her "medical conditions have made it impossible for [her] to live a normal life or maintain steady employment." [DE 16.] Specifically, she complains of "brain fog, severe anxiety, arthritis in [her] neck and back, chronic migraines, fibromyalgia, diabetes, IBS, chronic diarrhea, diverticulitis, pancreatis, high blood pressure, restless leg syndrome, and complications from lumbar fusion surgery." *Id*.  Perez claims she is "constantly exhausted" and there "are days [she] cannot even get out of bed to take [her] children to school because the pain, weakness, migraines, or stomach issues are too overwhelming."  *Id*.  She goes on to explain the constant urgency and accidents due to her stomach issues.  *Id.*  Perez says

she struggles to get through basic tasks and her husband has become the sole provider for their family and has been forced to work a lot of overtime to just keep them afloat. *Id.* Perez claims she has tried to do small side jobs like babysitting when she can, but even that is hard for her and often requires her children to step in and help when her health is bad. *Id.* She asks that I take this information "into consideration when reviewing [her] case." *Id.*

Ultimately, Perez disagrees with the finding that she is not disabled, but she does not point me to anything specific in the ALJ's lengthy opinion that she claims is based upon incorrect legal standards or factual determinations that are not properly supported by substantial evidence.

I have reviewed the ALJ's opinion, and I do not see any incorrect legal standards that were applied. At step one, the ALJ properly found Perez has not engaged in substantial gainful activity since January 13, 2022, the application date. [A.R. 20.] At step two, the ALJ examined Perez's impairments and found some severe, and others only mild limitations on her ability to work. [A.R. 20.] At step three, she spent a significant amount of time analyzing whether Perez's impairments met the specific Listings of impairments in the regulations. [A.R. 21-23.] For example, the ALJ considered whether Perez's spine disorder met Listing 1.15, whether her cerebral vascular accident met Listing 11.14, and whether Perez's mental impairments met Listings 12.02, 12.04, and 12.06. [A.R. 21.] The ALJ also carefully considered Plaintiff's obesity, diabetes mellitus, and headache disorder in combination with all impairments

under Social Security Rulings 14-2p, 19-2p, and 19-4p. [A.R. 21-22.]  The ALJ reasonably

explained that Perez's impairments did not meet any of those Listings.  *Id.*

Since Perez's impairments did not meet or medically equal a Listing, the ALJ

continued the disability evaluation to determine Perez's RFC. [A.R. 23-29.]  A claimant's

RFC is the most that she can do in a work setting, despite her limitations. 20 C.F.R. §

416.945(a).  In evaluating what Perez could do in the workplace, the ALJ carefully

considered Perez's own testimony about her symptoms, as well as a third-party

statement form Perez's husband. [A.R. 24, 29.]  The ALJ then compared Plaintiff's

assertions to the medical records, the medical opinions, and the non-medical evidence,

and reasonably found that Perez's impairments produce a number of limitations, but

she has not demonstrated limitations in excess of those accounted for in the RFC.   The

ALJ explained that while "medical reports documented the claimant's severe physical

impairments and support some impairment related limitations in the claimant's

physical functioning," further limitations are not supported based on the totality of the

record. [A.R. 25-29.]

The ALJ noted that the record documented that Perez's physical impairments

were associated with "an antalgic gait, reduced range of motion in the spinal region,

and positive straight leg raise testing, which would reasonably cause some limitations

in the claimant's walking, sitting, standing, or performing some postural movements on

a sustained basis" [A.R. 25.]  However, she "underwent a L5-S1 discectomy in March

2022 which improved her symptoms, along with physical therapy and pain injections."

-7-

*Id.* By September 2022, Perez was observed to have "some difficulty ambulating, walking on heels and toes, tandem walking, and squatting," and sensory testing in the right lower extremity was abnormal, however, the remaining "physical findings were normal." *Id.* Plaintiff's neck, pulmonary, and cardiac exams were within normal limits, there was no evidence of edema in her extremities, she had normal muscle strength and tone with no evidence of atrophy, and range of motion testing was normal aside from slightly diminished range of motion in the cervical spine and left shoulder. *Id.* The ALJ further noted that physical findings during 2023 "were largely within normal limits (Exhibit 13F; 22F; 25F; 28F)" *Id.*

The ALJ also addressed Perez's headaches and cardiac issues, noting "there has been relatively limited findings or treatment since the application date . . . and cardiac exams from 2021 showed her cardiac issues were stable and within normal limits." *Id.* Although Plaintiff obtained "emergency care several times for chest pain/fatigue/dehydration, . . . imaging and workup was unremarkable each time, along with physical and mental exams." [A.R. 25-26.] Workups from Perez's primary care providers also were unremarkable. [A.R. 26.]

As for Plaintiff's insulin dependent diabetes mellitus, the ALJ noted the "reports indicate this condition is controlled with prescribed medication." *Id.* Lastly, the ALJ correctly considered Plaintiff's obesity and recognized that she had a BMI of 35.7 and "greater pain and functional limitations … would be expected from her severe impairments" due to obesity. [A.R. 21, 26.] The ALJ specifically noted that the limitation

-8-

to sedentary exertion was due, in part, to Perez's weight: "[a]ccordingly, a limitation to sedentary exertion with additional limits in performing postural movements is further supported given the claimant's obesity, and its effects on the claimant's other impairments." [A.R. 26.]

Next, the ALJ properly considered Plaintiff's mental impairments and found that during the period under consideration, "mental status findings remained largely within normal limits since the application date (Exhibit 25F/7). Even more, the claimant has never participated in any ongoing mental treatment/therapy or speech/memory treatment" *Id.* The ALJ also pointed out that mental status exam findings during a consultative exam in December 2022 showed that Perez had memory deficits, however, she "maintained intact judgment and common sense; no more than mild limitation in concentrating and persistence; and no more than mild limits in her cognitive adaptive skills." [A.R. 27.] Recognizing Perez's attention and memory deficits, as well as her anxiety, the ALJ included restrictions in the RFC "to understand, remember, and carry out simple instructions; use judgment to make simple work-related decisions; and perform work [not] requiring a specific production rate with no more than occasional changes in the routine work setting. Furthermore, given her reported issues with anxiety, she is limited to frequent interaction with coworkers, supervisors, and the public." *Id.*

The ALJ also at length discussed the medical opinion evidence in the record, including the medical findings of J. Sands, M.D., William Shipley, Ph.D, Stephanie

Kidd, D.O., Emily Krach, D.O., and Paula A. Neuman, Ed.D. [A.R. 28-29.] To the extent she did not find these opinions persuasive, the ALJ articulated the reasons why, and at times cited to exhibits in the medial record. The ALJ's consideration of the opinion evidence was proper.  The ALJ carefully evaluated the medical opinions, and her evaluation comports with the regulations.  20 C.F.R. § 416.920c.  The Court "will affirm" an ALJ's consideration of a medical opinion or prior administrative medical finding "if it is supported by substantial evidence." *Anders v. Saul*, 860 F. App'x 428, 432 (7th Cir. 2021).  The Court does not "review medical opinions independently but rather review[s] the ALJ's weighing of those opinions for substantial evidence," and the Court should "only overturn that weighing if no reasonable mind could accept the ALJ's conclusion."  *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022).

Finally, at step five, the ALJ determined, along with the help of the vocational expert, that someone with Perez's impairments and limitations could perform the occupations of document preparer, addressing clerk, and touch up screener. [A.R. 30.] This determination was also supported by substantial evidence.

Perez does not direct the court to any error in the ALJ's application of the law or analysis.  However, since she is pro se, I am trying to consider her statement to the court as broadly as I can, and it could imply that she believes the ALJ improperly considered her subjective symptoms.  When an ALJ dismisses a claimant's subjective symptoms, she must follow up with an explanation for the rejection. *Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013); *Martinez v. Astrue*, 630 F.3d 693, 696 (7th Cir. 2011); *Fanta v. Saul*, 848

F. App'x 655, 659 (7th Cir. 2021) (unpublished) (finding it sufficient that the ALJ dismissed the claimant's subjective symptoms because the ALJ explained they were contrary to statements made to the claimant's doctors).  This means an ALJ must explain her evaluation of subjective symptoms in such a way so as to allow the Court to meaningfully determine whether the conclusion is logically and rationally based on evidence in the record. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009); *see Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005).

Of course, "[a]n ALJ need not discuss every detail in the record as it relates to every factor," but "an ALJ may not ignore an entire line of evidence contrary to [their] ruling." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022).  "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong."  *Id.* at 1279; *see also Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008) (a subjective symptom evaluation is "patently wrong" only if it "lacks any explanation or support."); *Bakke v. Kijakazi*, 62 F.4th 1061, 1068 (7th Cir. 2023) (if substantial evidence supports the ALJ's decision, it must be affirmed "even where reasonable minds might disagree about the outcome.").

Here, the ALJ did include in her opinion a recap of Perez's hearing testimony. [A.R. 24.]  However, she found Perez's statements about the intensity, persistence, and limiting effects of her symptoms "inconsistent" because they were not fully supported by the objective medical evidence. [A.R. 25.] The ALJ undertook this analysis in 3-detailed pages of her opinion. [A.R. 25-27.]  In addition, the ALJ took note that Perez

performs daily activities including driving her daughter to school, performing household chores, reading, writing, and managing her money. [A.R. 27.]  Finally, the ALJ noted that Perez went on vacation to Las Vegas during the relevant period.  *Id.* The ALJ's evaluation of Perez' symptoms was adequately supported with evidence and explanation and I cannot say that the ALJ's credibility determination was "patently wrong."  *Grotts,* 27 F.4th at 1279.

I acknowledge and sympathize with the fact that Perez has some challenging and unfortunate medical issues to deal with.  However, I am constrained by the Social Security disability standards of review, an important one being the principle that this Court may not simply reconsider the facts or re-weigh evidence to reach a different result from the one reached by the ALJ.  *See Elder*, 529 F.3d at 413.  Overall, I think the ALJ in this case did a laudable job applying the law and weighing the medical evidence, and while Perez is unhappy with that result, she has given me no reason to overturn the opinion.

## Conclusion

For the reasons set forth above, the final decision of the Commissioner of Social Security denying Plaintiff Monica Marie Perez's application for supplemental security income benefits is **AFFIRMED**.

The Clerk shall enter judgment in favor of Defendant and against Plaintiff.

ENTERED: July 15, 2026.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT